David E. Bower (SBN 119546)
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW YOSHIMURA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JIVE SOFTWARE, INC., TONY ZINGALE, ELISA STEELE, MARGARET BREYA, STEVE DARCY, PHIL KOEN, ROBERT FRANKFURT, TOM REILLY, CHUCK ROBEL, GABRIELLE TOLEDANO, and BALAJI YELAMANCHILI,<br><br>Defendants. | Case No. 5:17-cv-2811<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**DEMAND FOR JURY TRIAL** |

Andrew Yoshimura ("Plaintiff"), by his undersigned attorneys, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     This action is brought as a class action by Plaintiff on behalf of himself and the other public holders of the common stock of Jive Software, Inc. ("Jive" or the "Company") against Jive and the members of the Company's board of directors (collectively, the "Board" or "Individual Defendants," and, together with Jive, the "Defendants") for their violations of Sections 14(e), 14(d)(4), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), SEC Rule 14d-9, 17 C.F.R. 240.14d-9, in connection with the tender offer ("Tender Offer") by Jazz MergerSub, Inc. ("Merger Sub"), a wholly owned subsidiary of Wave Systems Corp. ("Wave"), a wholly owned subsidiary of ESW Capital, LLC ("ESW"), to purchase all of the issued and outstanding shares of Jive common stock for $5.25 per share (the "Offer Price").

2.     On May 12, 2017, in order to convince Jive shareholders to tender their shares, the Board authorized the filing of a materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the Securities and Exchange Commission ("SEC"), in violation of Sections 14(e), 14(d)(4) and 20(a) of the Exchange Act.  In particular, the Recommendation Statement contains materially incomplete and misleading information concerning Jive's financial projections and the valuation analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

3.     The Tender Offer is scheduled to expire 12:00 midnight, Eastern Time, on June 9, 2017 (the "Expiration Date").  It is imperative that the material information that has been omitted from the Recommendation Statement is disclosed to the Company's shareholders prior to the forthcoming Expiration Date so they can properly determine whether to tender their shares.

4.     For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from closing the Tender Offer or taking any steps to consummate the proposed merger

**CLASS ACTION COMPLAINT**

1  unless and until the material information discussed below is disclosed to Jive shareholders or, in

2  the event the proposed merger is consummated, to recover damages resulting from the Defendants'

3  violations of the Exchange Act.

4  **JURISDICTION AND VENUE**

5  5. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange

6  Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges

7  violations of Section 14(e), 14(d)(4) and 20(a) of the Exchange Act.

8  6. Personal jurisdiction exists over each Defendant either because the Defendant

9  conducts business in or maintains operations in this District, or is an individual who is either

10  present in this District for jurisdictional purposes or has sufficient minimum contacts with this

11  District as to render the exercise of jurisdiction over Defendant by this Court permissible under

12  traditional notions of fair play and substantial justice.

13  7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. §

14  78aa, as well as under 28 U.S.C. § 1391, because: (i) the conduct at issue took place and had an

15  effect in this District; (ii) Jive maintains its primary place of business in this District; (iii) a

16  substantial portion of the transactions and wrongs complained of herein, including Defendants'

17  primary participation in the wrongful acts detailed herein, occurred in this District; and (iv)

18  Defendants have received substantial compensation in this District by doing business here and

19  engaging in numerous activities that had an effect in this District.

20  **PARTIES**

21  8. Plaintiff is, and at all relevant times has been, a shareholder of Jive.

22  9. Defendant Jive is a Delaware corporation headquartered in Campbell, California in

23  the County of Santa Clara. The Company provides software sales and services. The Jive Platform

24  integrates cloud and customer-built applications through published application programing

25  interfaces and software development kits.

26  10. Individual Defendant Tony Zingale is, and has been at all relevant times, Jive's

27  Chairman of the Board.

28

11.     Individual Defendant Elisa Steele is, and has been at all relevant times, Jive's Chief Executive Officer and a director of the Company.

12.     Individual Defendant Margaret Breya is, and has been at all relevant times, a director of the Company.

13.     Individual Defendant Steve Darcy is, and has been at all relevant times, a director of the Company.

14.     Individual Defendant Phil Koen is, and has been at all relevant times, a director of the Company.

15.     Individual Defendant Robert Frankfurt is, and has been at all relevant times, a director of the Company.

16.     Individual Defendant Tom Reilly is, and has been at all relevant times, a director of the Company.

17.     Individual Defendant Chuck Robel is, and has been at all relevant times, a director of the Company.

18.     Individual Defendant Gabrielle Toledano is, and has been at all relevant times, a director of the Company

19.     Individual Defendant Balaji Yelamanchili is, and has been at all relevant times, a director of the Company

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the other public shareholders of Jive (the "Class").  Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendant.

21.     This action is properly maintainable as a class action because:

a.      The Class is so numerous that joinder of all members is impracticable.  As of May 10, 2017, there were 79,765,477 shares of Jive common stock outstanding, held by

**CLASS ACTION COMPLAINT**

hundreds to thousands of individuals and entities scattered throughout the country. The actual number of public shareholders of Jive will be ascertained through discovery;

   b.  There are questions of law and fact that are common to the Class that predominate over any questions affecting only individual members, including the following:

     i)  whether Defendants have misrepresented or omitted material information concerning the proposed merger in the Recommendation Statement, in violation of Sections 14(e) and 14(d)(4) of the Exchange Act;

     ii)  whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

     iii)  whether Plaintiff and other members of the Class will suffer irreparable harm if compelled to tender their shares based on the materially incomplete and misleading Recommendation Statement.

   c.  Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class;

   d.  Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class;

   e.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class;

**CLASS ACTION COMPLAINT**

f.      Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole; and

g.      A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## SUBSTANTIVE ALLEGATIONS

### I.      ESW's Offer Price is Inadequate

22.      The Offer Price appears inadequate given Jive's recent financial performance and strong growth prospects.  Indeed, while the Company claims that shareholders will receive a premium for their shares, the Offer Price is less than the $5.32 trading price of the stock, as of May 15, 2017.

23.      The Offer Price also appears inadequate in light of the Company's recent financial performance.  Specifically, the Company's stock price has increased over 45% in the past year, illustrated by the chart below:



**CLASS ACTION COMPLAINT**

24.     Finally, the Offer Price is inadequate due to the existence of a higher offer from another bidder. On April 16, 2017, a company identified as "Party G" in the Recommendation Statement submitted an offer of $5.35 per Jive share. This represents a 2% increase over the ESW Offer Price.

25.     In sum, the Offer Price appears to inadequately compensate Jive shareholders for their shares.  Given the market reaction and the existence of a higher offer, it appears that $5.25 per share is not fair compensation for Jive shareholders. It is therefore imperative that Jive shareholders receive the material information that has been omitted from the Recommendation Statement, so that they can make a fully informed decision concerning whether to tender their shares.

**II.     The Merger Agreement's Deal Protection Provisions Deter Superior Offers**

26.     In addition to failing to obtain fair consideration for the Company's shareholders, the Individual Defendants have agreed to certain deal protection provisions in the Merger Agreement that operate conjunctively to deter other suitors from submitting a superior offer for the Company's assets.

27.     First, the Merger Agreement contains a no-solicitation provision that prohibits the Company or the Individual Defendants from taking any affirmative action to obtain a better deal for Jive shareholders.  The Merger Agreement states that the Company and the Individual Defendants "will not, directly or indirectly, among other things, solicit alternative acquisition offers."

28.     Additionally, the Merger Agreement provides that Jive must pay ESW a termination fee of $10 million in the event the Company elects to terminate the Merger Agreement to pursue a superior proposal.  The termination fee provision further ensures that no competing offer will emerge, as any competing bidder would have to pay a naked premium for the right to provide Jive shareholders with a superior offer.

**CLASS ACTION COMPLAINT**

29.     Ultimately, these preclusive deal protection provisions restrain Jive's ability to solicit or engage in negotiations with any third party regarding a proposal to acquire all or a significant interest in the Company.

30.     Given that the preclusive deal protection provisions in the Merger Agreement impede a superior bidder from emerging, it is imperative that Jive shareholders receive all material information necessary for them to make a fully informed decision regarding whether to tender their shares.

### III.     The Materially Incomplete and Misleading Recommendation Statement

31.     On May 12, 2017, Defendants filed the Recommendation Statement with the SEC. The Recommendation Statement has been disseminated to the Company's shareholders, and solicits the Company's shareholders to tender their shares in the Tender Offer.  The Individual Defendants were obligated to carefully review the Recommendation Statement before it was filed with the SEC and disseminated to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions.     However, the Recommendation Statement misrepresents and/or omits material information that is necessary for the Company's shareholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d)(4), and 20(a) of the Exchange Act.

32.     First, The Recommendation Statement fails to disclose the Company's unlevered free cash flow projections.[1]  *See* Recommendation Statement 39.  Such unlevered cash flows were utilized by Morgan Stanley in its valuation of Jive, and are material to the Company's stockholders. Indeed, investors are concerned, perhaps above all else, with the unlevered free cash flows of the companies in which they invest.  Under sound corporate finance theory, the value of stock should

---

[1] Unlevered free cash flows are used to determine a company's enterprise value. The unlevered free cash flow allows investors to ascertain the operating value of a company independent of its capital structure. This provides a greater degree of analytical flexibility and allows for a clearer picture of the value of the company overall as compared to levered free cash flows, which account for operating expenses, interest payments, and other financial obligations. For this reason, unlevered free cash flows are routinely used to value a company as a whole.

**CLASS ACTION COMPLAINT**

be premised on the expected unlevered free cash flows of the corporation. Accordingly, the question that Jive stockholders need to assess in determining whether to tender their shares is clear – is the Offer Price fair compensation given the Company's expected unlevered free cash flows? Without unlevered free cash flow projections, Jive stockholders will not be to answer this question and assess the fairness of the Offer Price.

33.     The Recommendation Statement also fails to disclose Jive's 2018 net cash estimates, which were prepared by or based upon direct input from Jive management and utilized by Morgan Stanley in connection with its Discounted Equity Value Analysis. Recommendation Statement 38. Such projections are critical to understanding Jive's future equity value, and are therefore material to the Company's stockholders.

34.     The omission of the above-referenced projections renders the financial projections included on pages 39 of the Recommendation Statement materially incomplete and misleading. If a recommendation statement discloses financial projections and valuation information, such projections must be complete and accurate. The question here is not the duty to speak, but liability for not having spoken enough. With regard to future events, uncertain figures, and other so-called soft information, a company may choose silence or speech elaborated by the factual basis as then known—but it may not choose half-truths.

35.     With respect to Morgan Stanley's Precedent Premia Analysis, the Recommendation Statement fails to disclose the 63 transactions Morgan Stanley utilized for the analysis and the premium for each transaction.

36.     With respect to Morgan Stanley's Precedent Transactions Analysis, the Recommendation Statement fails to disclose the individual multiples Morgan Stanley calculated for each of the transactions used in these analyses. A fair summary of such analyses requires the disclosure of the individual multiples for each transaction utilized. Merely providing the range that a banker applied is insufficient, as shareholders are unable to assess whether the banker applied appropriate multiples, or, instead, applied unreasonably low multiples in order to drive down the implied valuation of the Company. The omission of the individual multiples and valuation ranges

**CLASS ACTION COMPLAINT**

renders the summary of these analyses set forth on pages 39-41 of the Recommendation Statement materially incomplete and misleading.

37.    With respect to Morgan Stanley's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose the inputs and assumptions underlying the calculation of the Company's cost of capital, which formed the basis for the discount rate range of 8.17% to 10.55% used by Morgan Stanley in its analysis.  Further, the Recommendation Statement fails to disclose the terminal values that were implied from Morgan Stanley's analysis.  The omission of this information renders the summary of this analysis on page 39 of the Recommendation Statement incomplete and misleading.

38.    In sum, the omission of the above-referenced information renders statements in the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other members of the Class will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## COUNT I

**(Against All Defendants for Violation of Section 14(e) of the Exchange Act)**

39.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40.    Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading…" 15 U.S.C. §78n(e).

41.    Defendants have issued the Recommendation Statement with the intention of soliciting Jive shareholders to tender their shares.  Each of the Defendants reviewed and authorized

**CLASS ACTION COMPLAINT**

the dissemination of the Recommendation Statement, which fails to provide material information regarding Jive's financial projections and the valuation analyses performed by Morgan Stanley.

42.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(e).  The Individual Defendants were therefore reckless, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Recommendation Statement, but nonetheless failed to obtain and disclose such information to shareholders although they could have done so without extraordinary effort.

43.     The Individual Defendants were privy to and had knowledge of the projections for the Company and the details concerning Morgan Stanley's valuation analyses. The Individual Defendants were reckless in choosing to omit material information from the Recommendation Statement, despite the fact that such information could have been disclosed without unreasonable efforts.

44.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the Class, who will be deprived of their right to make an informed decision regarding whether to tender their shares if such misrepresentations and omissions are not corrected prior to the Expiration Date.  Plaintiff and the Class have no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II
### (Against all Defendants for Violations of Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9,17 C.F.R. § 240.14d-9)

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.   Specifically, Section 14(d)(4) provides that:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

47.     SEC Rule 14d-9(d), which was adopted to implement Section 14(d)(4) of the Exchange Act, provides that:

> Information required in solicitation or recommendation.   Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof.

48.     In accordance with Rule 14d-9, Item 8 of a Schedule 14D-9 requires a Company's directors to:

> Furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading.

49.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omissions render the Recommendation Statement false and/or misleading.

50.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.   Indeed, Defendants undoubtedly reviewed the omitted material information in connection with approving the proposed merger.

51.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the Class, who will be deprived of their right to make an informed decision

**CLASS ACTION COMPLAINT**

regarding whether to tender their shares if such misrepresentations and omissions are not corrected prior to the Expiration Date.  Plaintiff and the Class have no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

### COUNT III
**(Against the Individual Defendants for Violations of Section 20(a)
of the Exchange Act)**

52.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

53.     The Individual Defendants acted as controlling persons of Jive within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Jive, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Recommendation Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

54.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement by Plaintiff to be misleading prior to the date the Recommendation Statement was issued, and had the ability to prevent the issuance of the false and misleading statements or cause the statements to be corrected.

55.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants that shareholders

**CLASS ACTION COMPLAINT**

tender their shares in the Tender Offer.  They were thus directly involved in preparing this document.

56.     In addition, as the Recommendation Statement sets forth, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the merger agreement.  The Recommendation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

57.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

58.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), 14(d)(4) and Rule 14d-9 by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff  and the Class will be irreparably harmed.

59.     Plaintiff and the Class have no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative and his counsel as Class Counsel;

B.     Enjoining Defendants and all persons acting in concert with them from closing the Tender Offer or consummating the proposed merger, unless and until the Company discloses the material information discussed above which has been omitted from the Recommendation Statement;

**CLASS ACTION COMPLAINT**

1    C.    Directing the Defendants to account to Plaintiff and the Class for all damages

2  sustained as a result of their wrongdoing;

3    D.    Awarding Plaintiff the costs and disbursements of this action, including reasonable

4  attorneys' and expert fees and expenses;

5    E.    Granting such other and further relief as this Court may deem just and proper.

6                                **<u>JURY DEMAND</u>**

7    Plaintiff demands a trial by jury on all issues so triable.

8  DATED: May 16, 2017                          Respectfully submitted,

9                                              */s/ David E. Bower*
10                                              David E. Bower SBN 119546
                                                **MONTEVERDE & ASSOCIATES PC**
11 **OF COUNSEL**                              600 Corporate Pointe, Suite 1170
                                                Culver City, CA 90230
12                                              Tel: (310) 446-6652
   **MONTEVERDE & ASSOCIATES PC**             Fax: (212) 202-7880
13 Juan E. Monteverde                         Email:  dbower@monteverdelaw.com
   The Empire State Building
14 350 Fifth Avenue, Suite 4405                *Counsel for Plaintiff*
   New York, NY 10118
15 Tel: (212) 971-1341
   E-mail: jmonteverde@monteverdelaw.com
16
17 *Counsel for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF

I, _____Andrew Yoshimura_____ ("Plaintiff"), declare, as to the claims asserted under the federal securities laws, that:

1.     Plaintiff has reviewed a draft complaint against Jive Software, Inc. ("Jive") and the members of its board of directors and has authorized the filing of a complaint substantially similar to the one I reviewed.

2.     Plaintiff selects Monteverde & Associates PC and any firm with which it affiliates for the purpose of prosecuting this action as my counsel for purposes of prosecuting my claim against defendants.

3.     Plaintiff did not purchase the security that is the subject of the complaint at the direction of Plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

4.     Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

5.     Plaintiff's transactions in Jive securities that are the subject of the complaint during the class period specified in the complaint are set forth in the chart attached hereto.

6.     In the past three years, Plaintiff has not sought to serve nor has served as a representative party on behalf of a class in an action filed under the federal securities laws, unless otherwise specified below.

7.     Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing information is correct to the best of my knowledge.

Signed this _15_ day of _____May____, 2017.

_____

| Transaction<br>(Purchase or Sale) | Trade Date | Quantity |
|---|---|---|
| Purchase | 02/02/17 | 1,307 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |